IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| DESMOND F. FLETCHER, #287712, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-13-SMD |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 claim is before the court on a complaint filed by Desmond F. Fletcher, an indigent state inmate. In his complaint, Fletcher challenges actions which occurred during his confinement at the Easterling Correctional Facility. Upon initiation of this case, the court entered an order of procedure which instructed Fletcher that he must "immediately inform the court . . . of any change in his address." Doc. 4 at 4, ¶7. The order specifically cautioned Fletcher that the failure to do so "within ten (10) days following any change of address will result in the dismissal of this action." Doc. 4 at 4, ¶7. The docket indicates that Fletcher received a copy of the aforementioned order.

On January 10, 2019, the court issued a notice of case reassignment, a copy of which the Clerk mailed to Fletcher. The postal service returned this document to the court because Fletcher no longer resided at the Easterling Correctional Facility – the last address he provided for service. It is clear from the foregoing that Fletcher has failed to comply with the requirement that he keep the court informed of his current address and, as such, the instant case cannot properly proceed in this court.

Based on the foregoing, the court entered an order noting Fletcher's failure to furnish the court with his current address and requiring "that on or before February 5, 2019 the plaintiff shall show cause why this case should not be dismissed for his failure to comply with the order of this court [regarding provision of a current address] and his failure to adequately prosecute this action." Doc. 23 at 1–2. The court "specifically cautioned [Fletcher] that if he fails to respond to this order" this case would be dismissed for such failure. Doc. 23 at 2. As of the present date, Fletcher has failed to provide the court with his current address pursuant to the directives of the orders entered in this case. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Fletcher is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Fletcher has failed to comply with the directives of the orders of this court regarding provision of a current address. It likewise appears that Fletcher is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources.

Accordingly, the court concludes that Fletcher's failure to comply with the orders of this court warrants dismissal of this case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal

for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is ORDERED that:

1. This case is dismissed without prejudice.

2. No costs are taxed herein.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 11th day of February, 2019.

                     /s/ Stephen M. Doyle
                   UNITED STATES MAGISTRATE JUDGE